IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOUGLAS K. COOK,

      Petitioner,                        No. CIV S-06-0070 GEB EFB P

    vs.

KEN CLARK, Acting Warden,

      Respondent.                   <u>ORDER</u>

_____/

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Respondent[1] moves to dismiss upon the ground that petitioner failed to exhaust available state remedies. Petitioner opposes.

      On March 21, 2001, following a jury trial in the Sacramento County Superior Court, petitioner was convicted of one count of forcible oral copulation and three counts of inflicting corporal injury on a co-habitant. Cal. Pen Code §§ 288a(c)(2), 273.5(a).

      Petitioner appealed claiming the following as trial error: (1) permitting introduction of expert testimony about battered women's syndrome; (2) instructing the jury it could consider defendant's prior uncharged bad acts of sexual abuse; (3) failing to instruct the jury it must unanimously find petitioner guilty. The appellate court affirmed.

---

[1] Acting Warden Ken Clark is substituted as respondent. *See* Rule 2(a), Rules Governing § 2254 Proceedings; Fed. R. Civ. P. 25(d).

Petitioner filed a petition for review in the California Supreme Court seeking review of the denial of the claim that the court erred by permitting expert testimony about domestic abuse and rape. That court denied review.

Petitioner did not file any state habeas petitions.

A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by presenting the "substance of his federal habeas corpus claim" to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971) (no exhaustion where the petitioner presented operative facts but not legal theory to state courts); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995)(to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution"). A claim is unexhausted if any state remedy is available. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (petitioner must seek discretionary review from state court of last resort); *Roberts v. Arave*, 874 F.2d 528, 529 (9th Cir. 1988)(no exhaustion where state supreme court referred petitioner's appeal of trial court's denial of post-conviction relief to lower appellate court and petitioner failed to appeal lower court's disposition of that appeal to state supreme court). A mixed petition, i.e., one containing exhausted and unexhausted claims, must be dismissed. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). However, the court may stay a mixed petition to allow a petitioner to present unexhausted claims to the state courts. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

In his federal habeas petition, petitioner claims: (1) the trial court abused its discretion by allowing the prosecution to elicit irrelevant and highly prejudicial expert testimony; (2) the trial court erred by instructing the jury it could consider uncharged prior bad acts; (3) the evidence was insufficient to support the conviction on count six; (4) the evidence was insufficient to support the conviction on count seven. Petitioner has not presented to any state court his claims

1  that the evidence was insufficient to support his conviction of counts six and seven. The petition
2  therefore is mixed and unless the court grants petitioner's request for a stay, the petition must be
3  dismissed without prejudice.

4  To decide whether to grant petitioner's request to stay this action while petitioner
5  exhausts his third and fourth claims, the court must determine whether petitioner had good cause
6  for his failure to exhaust, whether the unexhausted claim is potentially meritorious and whether
7  petitioner engaged in intentionally dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269,
8  277-278 (2005). Petitioner asserts that he "gave the State of California judicial notice of intent
9  to satisfy the exhaustion requirements, and they must have been surely alerted to this fact that
10 Cook was giving them this opportunity to correct alleged violations." Petition at 1. Petitioner's
11 assertion does not change the nature of the claims he presented to the state courts, none of which
12 suggested they should review the sufficiency of the evidence. He offers no reason for failing to
13 raise the claims. Furthermore, the court has read the direct appeal opinion and finds that in light
14 of the highly deferential standard enunciated in *Jackson v. Virginia*, 443 U.S. 307, 324 (1979),[2]
15 petitioner has an exceedingly low chance of success. Therefore, even though there is no
16 evidence of bad faith, the court finds that stay and abeyance is not warranted in this action.

17 Accordingly, it is hereby ordered that the January 11, 2006, petition is dismissed.
18 Petitioner has 30 days from the date this order is served to file a first-amended petition omitting
19 the unexhausted claims. The petition must bear the case number assigned to this action and be
20 styled, "First Amended Petition." Petitioner's failure to comply with this order will result in a
21 recommendation that this action be dismissed without prejudice.

22 Dated: November 13, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] On habeas, the court considers the evidence in the light most favorable to the prosecution to determine if any rational trier of fact could find the elements, as defined by state law, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).